IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02584-RBJ

TYLER PITMAN and
LILIANA DAMASCHIN,

    Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
JEH JOHNSON, Secretary, United States Department of Homeland Security,
BOARD OF IMMIGRATION APPEALS,
LORETTA LYNCH, Attorney General of the United States,
LEON RODRIGUEZ, Director, United States Citizenship and Immigration Services,
A. KRISTI BARROWS, Direct Director, United States Citizenship and Immigration Services Denver District,
LAURA MCNEER, Field Office Director, United States Citizenship and Immigration Services, Salt Lake City, Utah,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,
SARAH SALDANA, Director, United States Immigration and Customs Enforcement, and
JAMES COMEY, Director, Federal Bureau of Investigation,

    Defendants.

## ORDER

This matter is before the Court on defendants' motion to dismiss plaintiffs' suit challenging the government's denial of a visa petition filed by plaintiff Tyler Pitman on behalf of his wife, plaintiff Liliana Damaschin. *See* Defs.' Mot. to Dismiss, ECF No. 9; Compl., ECF No. 1. Defendants move to dismiss plaintiffs' suit under both Rule 12(b)(3) and Rule 12(b)(6). *See* ECF No. 9. With respect to Rule 12(b)(3), they contend that because plaintiffs' suit only bears a tangential relationship to Colorado, venue is improper here. ECF No. 9 at 11–12. They argue that this case should therefore be dismissed outright or, in the alternative, transferred under 28

1

U.S.C. §1406(a) to the District of Utah, which is where the government initially denied Mr. Pitman's visa petition.  *See* ECF No. 15 at 4.  Although I find that venue is properly laid in the District of Colorado, I agree with defendants that this case should be transferred.  Accordingly, the Court transfers this case under 28 U.S.C. § 1404(a) to the District of Utah.

### A.  Venue is Proper in the District of Colorado under 28 U.S.C. § 1391(e)(1)(A).

First, I find that defendants are incorrect that venue was improperly laid in this Court.  28 U.S.C. § 1391(e)(1)(A) governs whether venue is proper in actions like this one that name officers or employees of the United States as defendants.  It provides that venue is proper in *any* judicial district in which one of those named defendant federal officers or employees "resides," which has been interpreted to mean the district where any of these officers or employees perform their official duties.  *See* 28 U.S.C. § 1391(e)(1)(A); *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978).

Here, plaintiffs have named as a defendant A. Kristi Barrows, a Denver-based director with the United States Citizenship and Immigration Services ("USCIS").  *See* ECF No. 1 at 1.  Because Ms. Barrows performs her official duties in Colorado, which generally include overseeing the USCIS' office in Salt Lake City that denied Mr. Pitman's petition, venue is proper in this Court.  28 U.S.C. § 1391(e)(1)(A); *see Bourdon v. U.S. Dep't of Homeland Sec.*, No. CV 15-2241, 2017 WL 635481, at *3 (D.D.C. Feb. 16, 2017).  Defendants' motion to dismiss under Rule 12(b)(3) is accordingly denied.

### B.  Transfer under 28 U.S.C. § 1404(a) is Nonetheless Warranted.

Although I find that venue is proper here, defendants nevertheless make a good point that this case bears a minimal connection to this District and should arguably be transferred.  However, because venue was properly laid here, I must decide whether transfer is appropriate

under 28 U.S.C. § 1404(a) (inconvenient venue) rather than 28 U.S.C. §1406(a) (improper venue).  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1521 (10th Cir. 1991); *see also WildEarth Guardians v. U.S. Forest Serv.*, No. 1:11-CV-03171-AP, 2012 WL 1415378, at *2 (D. Colo. Apr. 24, 2012) ("Any party, and even the court *sua sponte*, can move for transfer of an action under § 1404(a).").

To do so, I must follow a two-step process.  *See, e.g.*, *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005).  First, I must assess whether the transferee forum—here, the District of Utah—is one in which the action "might have been brought" initially.  *See* 28 U.S.C. § 1404(a); *Wolf*, 339 F. Supp. 2d at 1166.  Second, I must decide whether certain factors weigh in favor of transferring this case to that district.  *See Wolf*, 339 F. Supp. 2d at 1167.  In the Tenth Circuit, these include:

> [P]laintiff's choice of forum; accessibility of witnesses and other sources of proof, including availability of compulsory process to insure attendance of witnesses; cost of making necessary proof; questions as to enforceability of judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; possibility of existence of questions arising in area of conflicts of laws; advantage of having local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Id.* (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

Here, after making this two-step determination, I find that transfer is warranted.  At step one, I find that the transferee district—the District of Utah—is a proper venue because plaintiffs have named as a defendant the Field Office Director of the USCIS' office in Salt Lake City, and because that office initially denied Mr. Pitman's petition, meaning that "a substantial part of the events . . . giving rise to" plaintiffs' suit occurred there.  *See* 28 U.S.C. § 1391(e)(1)(A); *id.* § 1391(b)(2); ECF No. 1 at ¶15.

That brings me to step two. To the extent the factors the Tenth Circuit has recognized are relevant in this case, I find that they generally weigh in favor of transfer. I begin with plaintiffs' choice of forum. Although plaintiffs' forum choice is ordinarily entitled to deference, that deference is substantially diminished where, as here, plaintiffs lack any connection to the forum they choose. *See McGahee v. Trumbull Ins. Co.*, No. 11-CV-03007-WYD-MEH, 2012 WL 1388859, at *3 (D. Colo. Apr. 23, 2012) (citations omitted); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) ("[D]eference [to a plaintiff's choice of forum] . . . is lessened when plaintiff's forum choice lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.") (internal quotation marks and citations omitted).

Furthermore, as a practical matter, while both this Court and the District of Utah are equally capable of deciding the federal law questions underlying this case, I find that this suit bears only a remote connection to Colorado. After all, both plaintiffs reside in Wyoming, Mr. Pitman's visa petition was denied in Utah, and the "final agency action" plaintiffs challenge with this Administrative Procedure Act ("APA") action—i.e., the Board of Immigration Appeals' ("BIA") denial of Mr. Pitman's appeal of the USCIS' decision—came out of Virginia. *See* ECF No. 1 at ¶15. In fact, this case's only connection to Colorado is that plaintiffs have named Ms. Barrows as a defendant. However, it does not appear that Ms. Barrows played any direct or significant role in the events of which Mr. Pitman complains, aside from generally overseeing the district that contains the USCIS office that initially denied Mr. Pitman's visa petition. *See generally id.*

The District of Utah, by contrast, is the district in which plaintiffs' claim arguably and admittedly "arose" since that is the district in which Mr. Pitman's petition was first denied. *See*

*id.* at ¶15 ("[T]he USCIS field office in Salt Lake City [is] where the actions complained of occurred."). For this reason, other courts have held, a plaintiff's suit should be transferred to and adjudicated in that locale. *See Bourdon*, 2017 WL 635481, at *5 (recognizing that, because a plaintiff's claim challenging a USCIS decision "arises" in the district in which the USCIS office makes its decision, "[c]ases challenging the actions of local USCIS offices are frequently, and appropriately, transferred to the venue encompassing those local offices for this reason"); *id.* (collecting cases). I agree.

Accordingly, the Court transfers this case to the District of Utah under 28 U.S.C. § 1404(a). Finding that venue was nonetheless properly laid here, defendants' motion to dismiss plaintiffs' suit under Rule 12(b)(3) is DENIED. Defendants' motion to dismiss under Rule 12(b)(6) is likewise DENIED WITHOUT PREJUDICE as I do not reach the merits of those arguments.

DATED this 7th day of March, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge