IN THE UNTED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TYLER PITMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD (ECF NO. 51)**<br><br>Case No. 2:17-cv-00166-CW-EJF<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiffs Tyler Pitman and Liliana Damaschin ("Pitman Plaintiffs") filed a Motion to Complete the Administrative Record. (Mot. to Complete Admin. R. ("Mot."), ECF No. 51.) The Pitman Plaintiffs ask the Court to (1) "order Defendants to immediately complete the administrative record and include therein every document and communication considered in the adjudication of the Pitman petition by Defendants," and (2) "find that any claims of privilege have been waived and order Defendants to produce the withheld documents, or at a minimum, order Defendants to immediately produce a privilege log." (Mot. 6.) Defendants United States Citizenship and Immigration Services, et al. ("USCIS Defendants") opposed the Motion (Mem. in Opp'n to Pls.' Mot. to Complete Admin. R. ("Opp'n") ECF No. 55), and the Pitman Plaintiffs filed a Reply in support of their Motion (Pls.' Reply to Defs.' Mem. in Opp'n to Pls.' Mot. to Complete Admin. R. ("Reply"), ECF No. 57). At the same time the USCIS Defendants filed their Opposition, they also filed nine previously redacted pages of the administrative record, indicating that they "have withdrawn their objections to providing unredacted versions of pages 951–59." (Notice of Filing re Admin. R., ECF No. 56.)

1

On April 20, 2018, the Court held a hearing on the Motion. (ECF No. 63.) At the hearing the Pitman Plaintiffs limited their request to an order requiring the USCIS Defendants to produce a privilege log detailing their privilege claims. The USCIS Defendants confirmed at the hearing that they withheld documents on the grounds that the deliberative process privilege protects them. The Pitman Plaintiffs argue that the USCIS Defendants should have to produce a privilege log to substantiate their privilege claims. The USCIS Defendants counter that documents protected by the deliberative process privilege do not form part of the administrative record in the first place and therefore they have no obligation to produce a log. Also, at the hearing, the USCIS Defendants indicated that they originally withheld the redacted documents subsequently produced concurrently with their Opposition on the basis of the deliberative process privilege.

The parties agree that neither the Tenth Circuit nor any other circuit court has determined whether privileged documents form part of the administrative record or whether the government must produce a privilege log in Administrative Procedure Act ("APA") cases such as this one. Given the focusing of the Pitman Plaintiffs' motion at the hearing and the lack of case law cited with respect to privilege logs in the parties' briefs, the Court asked the parties to submit a list of district court cases, particularly from the Tenth Circuit, supporting their positions on the privilege log issue. On April 27, 2018, the parties submitted a joint filing identifying cases that they claim support their respective positions. (Jt. Notice of Filing of Suppl. Authorities, ECF No. 64.)

Based on the parties' briefs, oral argument, and the supplemental authorities cited by the parties, and for the reasons addressed below, the Court GRANTS IN PART

the Pittman Plaintiffs' Motion and will require the USCIS Defendants to produce a privilege log detailing their privilege claims.

## **DISCUSSION**

"A district court reviews an agency action to determine if it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993) (quoting 5 U.S.C. § 706(2)(A)). The district court's review "under this standard is generally based on the full administrative record that was before all decision makers[.]" Id. "The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." Id. The government's "designation of the Administrative Record . . . is entitled to a presumption of administrative regularity." Id. at 740. "The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." Id.

Relying on cases from the District of Columbia and Virginia district courts, the USCIS Defendants argue that privileged materials do not become part of the administrative record in APA cases, and therefore they have no obligation to provide a privilege log. See, e.g., Am. Petroleum Tankers Parent, LLC v. United States, 952 F. Supp. 2d 252, 265 (D.D.C. 2013) ("It is well established in this District that materials protected by the deliberative process privilege are not part of the Administrative Record for purposes of review of agency action . . . As a corollary to this principle, the agency need not provide a privilege log of the documents withheld pursuant to the privilege."); Tafas v. Dudas, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record, however, does not include privileged materials, such as documents that fall

3

within the deliberative process privilege, attorney-client privilege, and work product privilege."); Oceana, Inc. v. Locke, 634 F. Supp. 2d 49, 52–53 (D.D.C. 2009), rev'd on other grounds, 670 F.3d 1238 (D.C. Cir. 2011) ("[P]redecisional and deliberative documents 'are not part of the administrative record to begin with,' so they 'do not need to be logged as withheld from the administrative record.' . . . The Court therefore rejects plaintiff's dual arguments that the predecisional and deliberative documents must be placed in the administrative record and that the Agency must prepare a privilege log that lists those documents that are not included in the record.") (quoting Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs., 631 F.Supp.2d 23, 27 (D.D.C. 2009)).

On the other hand, the Pitman Plaintiffs cite cases from various other district courts, including within the Tenth Circuit, that have required the government to produce a privilege log to substantiate privilege claims made with respect to documents or portions of documents withheld from the administrative record. See, e.g., Ctr. for Native Ecosystems v. Salazar, 711 F. Supp. 2d 1267, 1276 n.10 (D. Colo. 2010) (requiring production of privilege log to substantiate any claims of deliberative process and/or attorney-client privilege); Wildearth Guardians v. U.S. Forest Serv., 713 F. Supp. 2d 1243, 1265–67 (D. Colo. 2010) (requiring detailed privilege log to substantiate attorney-client privilege claims used as basis to redact portions of administrative record); Batalla Vidal v. Duke, No. 16-CV-4756 (NGG) (JO), 2017 WL 4737280, at *5 (E.D.N.Y. Oct. 19, 2017) (unpublished) ("Defendants are required to identify and assert privilege with respect to documents withheld from the administrative record on privilege grounds. The 'full' or 'whole' administrative record includes all materials 'directly or indirectly'

4

considered by an agency decisionmaker at the time he or she made the challenged decision." (quoting Comprehensive Cmty. Dev. Corp. v. Sebelius, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012)); Gill v. Dep't of Justice, No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *7 (N.D. Cal. Dec. 18, 2015) (unpublished) (requiring production of a privilege log to substantiate the withholding of documents from the administrative record on deliberative process privilege grounds); People of State of Cal. ex rel. Lockyer v. U.S. Dep't of Agric., No. C05-03508 EDL, 2006 WL 708914, at *4 (N.D. Cal. Mar. 16, 2006) (unpublished) ("[S]ome agency documents, such as purely internal deliberative materials, may be protected from inclusion in the administrative record, but Defendants must make a specific showing establishing the application of a privilege for each document that it contends that it may withhold based on privilege."); Regents of Univ. of California v. United States Dep't of Homeland Sec., No. C 17-05211 WHA, 2017 WL 4642324, at *7–*8 (N.D. Cal. Oct. 17, 2017) (unpublished) (requiring defendants to provide a privilege log for all documents withheld from the administrative record on privilege grounds); Mickelsen Farms, LLC v. Animal & Plant Health Inspection Serv., No. 1:15-CV-00143-EJL-CWD, 2017 WL 2172436, at *4 (D. Idaho May 17, 2017) (unpublished) (requiring production either of a privilege log or submission of documents withheld from the administrative record on deliberative process privilege grounds to the court for in camera review).

The USCIS Defendants have not pointed to any binding authority in the Tenth Circuit holding that the administrative record does not include privileged documents. Therefore, consistent with other courts facing similar circumstances, the Court declines to follow the district court cases from the Districts of Columbia and Virginia and hold that

privileged documents do not form part of the administrative record and therefore not require a privilege log in APA cases.  See Gill, 2015 WL 9258075, at *7 (stating that "[w]hile Defendants argue that no [] privilege log is necessary because deliberative material is, in any event, not part of the [administrative record], they have not pointed to binding Ninth Circuit authority that stands for the proposition that in an APA action, an agency may withhold documents on the basis of privilege without providing so much as a privilege log," and therefore requiring the production of a privilege log to substantiate deliberative process privilege claims).

Furthermore, the Court finds the cases requiring the production of a privilege log more persuasive, particularly given the circumstances in this case.  While courts generally afford the government's designation of the administrative record the presumption of regularity and completeness, see Bar MK Ranches, 994 F.2d at 740, the Court finds the presumption overcome in this case.  The USCIS Defendants' statements in their Opposition suggest that they applied the wrong standard in compiling the administrative record:

> Defendants certified and lodged an administrative record consisting of all documents <u>actually considered</u> by Defendants as part of their decisions to deny Tyler Pitman's Form I-130.
>
> ***
>
> Here, Defendants have certified and produced a 1,322-page and 5-disc administrative record that includes all of the non-privileged documents that were <u>actually considered</u> by the decisionmaker.

(Opp'n at 3, 5 (emphasis added)).  In the Tenth Circuit, the administrative record, consists of all materials "directly or indirectly considered" by the government.  See Bar MK Ranches, 994 F.2d at 739.  However, as indicated above, the USCIS Defendants'

6

opposition indicates that they only produced those documents "actually considered" as part of their decision, which is inconsistent with Tenth Circuit authority. See id.; Lockyer, 2006 WL 708914, at *2–*3 (finding presumption that administrative record is complete overcome where, among other things, defendants applied the wrong standard—including only those documents "relied upon" and "considered" as opposed to all documents "directly or indirectly considered"—in compiling the record).

Relatedly, the USCIS Defendants' representation at the hearing that despite divergent views among the circuits as to what constitutes the administrative record, they do not take those varying standards into account when compiling the administrative record in any given case raises concerns about the completeness of the record.

Accordingly, the Court will require the USCIS Defendants to produce a privilege log in this case for all documents withheld from the administrative record on the basis of privilege. The Court does not intend to imply that the USCIS Defendants improperly withheld documents from the administrative record on the grounds of the deliberative process privilege. However, given the circumstances in this case, the Court finds that the Pitman Plaintiffs are entitled to a privilege log detailing the USCIS Defendants' privilege claims, which will then allow them to either confirm the privilege assertions or challenge the privilege assertions if they believe the USCIS Defendants improperly withheld certain documents from the administrative record on that basis.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART the Pitman Plaintiffs' motion. The USCIS Defendants must produce within fourteen (14) days a privilege log which substantiates the assertion of the deliberative process privilege, or any other

privilege, as a basis for withholding documents or portions of documents from the administrative record. The privilege log should, at a minimum, describe each document (including the author/sender, recipient(s), title, date, etc.), identify the basis for withholding each document, and otherwise include sufficient information to substantiate each privilege claim.

DATED this 2nd day of July, 2018.

BY THE COURT:

By: _____
Magistrate Judge Evelyn J. Furse
United States District Court