## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TYLER PITMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD (ECF NO. 70)**<br><br>Case No. 2:17-cv-00166-CW-EJF<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Tyler Pitman and Liliana Damaschin's ("Pitman Plaintiffs") move to compel completion of the administrative record. (Pls.' Mot. to Compel Completion of the Admin. R. & Mem. of Law ("Mot."), ECF No. 70.) The Pitman Plaintiffs ask the Court to order Defendants United States Citizenship and Immigration Services and the other governmental agencies and officials sued ("USCIS Defendants") "to immediately produce" the documents the USCIS Defendants withheld from production on privilege grounds "or have an in camera review to determine the validity of the privileges claimed." (Id. at 10.)

The USCIS Defendants opposed the Motion, arguing that the deliberative process and law enforcement privileges protect the documents from disclosure. (Defs.' Opp'n to Mot. to Compel ("Opp'n"), ECF No. 77.) To support and explain their privilege claims, the USCIS Defendants attached to their Opposition the Declaration of Laura K. McNeer, the Field Office Director of the Salt Lake City Field Office of the Department of Homeland Security and U.S. Citizenship and Immigration Services. (Decl. of Laura K. McNeer ("McNeer Decl."), ECF No. 77-1.)

1

The Court held a hearing on the Pitman Plaintiffs' Motion to Compel. (ECF No. 80.) At the conclusion of the hearing, the Court ordered the USCIS Defendants to produce for an <u>in camera</u> review the forty-seven pages of documents (comprising fifteen separate documents) withheld from production on privilege grounds. The USCIS Defendants submitted the documents, bearing Bates labels DEF-000001 to DEF-000047, to the Court. Having reviewed the documents <u>in camera</u> and considered the parties briefing and argument, the Court GRANTS IN PART and DENIES IN PART the USCIS Defendants' Motion to Compel.

## **PRIVILEGE ASSERTIONS**

The USCIS Defendants assert that the deliberative process and/or law enforcement privileges protect the fifteen documents they withheld from production. (Ex. 1 to Mot., Defs.' Privilege Log ("Priv. Log"), ECF No. 70 at 13–20.) The USCIS Defendants also claim that certain of the documents "contain personally identifiable information of third parties (such as names and dates of birth) which are protected from disclosure under general privacy principles." (Opp'n 10, ECF No. 77.)

"[T]he deliberative process privilege . . . shields 'documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated.'" <u>Trentadue v. Integrity Comm.</u>, 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting <u>Dep't of the Interior v. Klamath Water Users Protective Ass'n</u>, 532 U.S. 1, 8 (2001)). The "privilege is primarily designed to 'enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'" <u>Id.</u> (quoting <u>Klamath</u>, 532 U.S. at 8-9). The privilege also "prevent[s] the premature disclosure of proposed policies,

2

and avoids 'misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.'" Id. (quoting Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980)).

The privilege protects only those documents that qualify as "both predecisional and deliberative." Trentadue, 501 F.3d at 1227. Documents "'prepared in order to assist an agency decisionmaker in arriving at his decision'" constitute predecisional documents. Id. (quoting Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 184 (1975)). Documents qualify as deliberative if they "reflect[] the give-and-take of the consultative process." Coastal States Gas Corp., 617 F.2d at 866. "Non-factual materials that express opinions or recommendations" fall into the deliberative category. Trentadue, 501 F.3d at 1227. Factual materials can qualify as deliberative if "they are inextricably intertwined with deliberative materials, [] or [] their disclosure would reveal deliberative material." Id. at 1229. However, the Tenth Circuit explicitly prohibited the withholding of "factual material simply because it reflects a choice as to which facts to include in a document." Id. The privilege protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Coastal States Gas Corp., 617 F.2d at 866.

Even if the deliberative process privilege applies, the party seeking disclosure can overcome the privilege by showing a need for the discovery. In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997). In making such a determination, the court considers relevance, availability, importance of the litigation, the government's role, and

the potential chilling effect on governmental deliberations, among other factors that may arise ad hoc. <u>Id.</u>

"The law enforcement investigative privilege is 'based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files' . . . and bars disclosure of facts." <u>United States v. Winner</u>, 641 F.2d 825, 831 (10th Cir. 1981) (quoting <u>Black v. Sheraton Corp.</u>, 564 F.2d 531, 541(D.C. Cir. 1977)). The privilege "'prevent[s] disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" <u>Nat'l Union Fire Ins. Co. v. F.D.I.C.</u>, No. CIV. A. 93-2471-GTV, 1995 WL 104835, at *1 (D. Kan. Mar. 7, 1995) (unpublished) (quoting <u>United States v. Myerson (In re Dep't of Investigation)</u>, 856 F.2d 481, 484 (2d Cir. 1988)). "The privilege applies to protect information relating to completed investigations as well as ongoing ones, as 'the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information' from a completed investigation is revealed." <u>Mohammed v. Holder</u>, No. 07-CV-02697-MSK-BNB, 2014 WL 1042309, at *4 (D. Colo. Mar. 18, 2014) (unpublished) (quoting <u>In re City of New York</u>, 607 F.3d 923, 944 (2d Cir. 2010)).

To assert the privilege, "the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." <u>Winner</u>, 641 F.2d at 831. "'The party claiming the privilege has the burden of establishing these elements.'" <u>Nat'l Union Fire</u>, 1995 WL

104835, at *1 (quoting <u>In re United Telecommunications, Inc. Sec. Litig.</u>, 799 F. Supp. 1206, 1208 (D.D.C. 1992)).  A party can overcome the law enforcement privilege by "a showing that the requesting party's need for the information outweighs the law enforcement agency's need for secrecy."  <u>Mohammed</u>, 2014 WL 1042309, at *4 (citing <u>In re Dept. of Homeland Sec.</u>, 459 F.3d 565, 569–70 (5th Cir. 2006)).

## DISCUSSION

### 1.  Document No. 1:  Summary of Findings (DEF-000001 to DEF-000003)

The USCIS Defendants assert that both the deliberative process and law enforcement privileges protect the August 12, 2014 document entitled "Summary of Findings."  (Privilege Log, ECF No. 70 at 13 (Doc. #1).)  As to this document, Ms. McNeer states the following in her Declaration:

> A Summary of Findings ("SOF"), drafted by a USCIS Immigration Officer, is the method of communicating the result of an administrative or criminal investigation by the USCIS Fraud Detection and National Security ("FDNS") officer to USCIS adjudicators.  The SOF contains factual information and opinions that may be used by adjudicators to make an informed decision regarding a case, and includes any record of suspected fraud or other grounds of inadmissibility or removability that may have been identified.  As the SOF is a means of documenting internal agency deliberation and consideration of the case and of communicating nonfinal recommendations to the ultimate adjudicator of the case, the SOF constitutes a predecisional, deliberative document and does not constitute a final decision on the merits of a particular petition or application.

(McNeer Decl., ¶ 11(a), ECF No. 77-1.)  Ms. McNeer also states the USCIS Immigration Officer compiled the document "prior to rendering a decision on the I-130" and USCIS personnel used the document "to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency."  (<u>Id.</u>, ¶ 12.)  USCIS denied the Pitman Plaintiffs' first I-130 Petition for Alien Relative on November 27, 2012,

and denied the second I-130 Petition for Alien Relative on April 5, 2015. (Compl. for Declaratory & Injunctive Relief, ¶¶ 46, 51, ECF No. 1.)

The Court finds the deliberative process privilege protects portions of this document from disclosure. Ms. McNeer's Declaration establishes that portions of the document qualify as both predecisional and deliberative, and the Court's in camera review confirms this assertion. An FDNS officer prepared the document, containing factual information, opinions, and recommendations to help the ultimate adjudicator arrive at a decision with respect to the Pitman Plaintiffs' second I-130 Petition for Alien Relative.

While some courts have found that the deliberative process privilege protects the entirety of such documents, those courts relied on a theory specifically rejected by the Tenth Circuit. For example, in United States v. Malik, No. 15-CV-9092-CM-TJJ, 2016 WL 3167307, at *6 (D. Kan. June 7, 2016) (unpublished), the court found that "[t]he Government has met its burden to show the Statement of Findings [prepared by FDNS] in its entirety is pre-decisional and part of USCIS's deliberative process for determining whether to institute denaturalization proceedings against [defendant]" and is therefore "protected in its entirety by the deliberative process privilege." The court allowed the government to withhold the Summary of Findings, including factual information, because "the factual information that was specifically selected for inclusion by the FDNS investigator reflects the investigator's impressions and evaluations of the underlying facts, was assembled in the exercise of the investigator's judgment, and serves as the basis for his recommendation to DHS legal counsel." Id. at 5. The New York district court in Assadi v. U.S. Citizenship & Immigration Servs., No. 12 CIV. 1374 RLE, 2013

WL 230126, at *4-5 (S.D.N.Y. Jan. 22, 2013) (unpublished) made a similar determination, finding that the factual information in a Summary of Findings reflects deliberative information because it shows which factual information the drafter selected. However, the Tenth Circuit expressly rejects this basis for withholding factual information: "To the extent that [the D.C. Circuit] allows an agency to withhold factual material simply because it reflects a choice as to which facts to include in a document, we reject that approach." Trentadue, 501 F.3d at 1229.

This Court finds the document largely evaluative. However, the USCIS Defendants must produce a redacted version of the document revealing the factual portions: the first page through the second page ending after the "Summary" section and then section IV.A. on the second page. In this particular Summary of Findings, these portions of the document recite facts that are not inextricably intertwined with the deliberative portions of the document. The remainder of the document includes the officer's evaluations and conclusions and some facts that remain inextricably intertwined with those evaluations and conclusions. The USCIS Defendants may redact those portions.

The Court finds that the law enforcement privilege extends to portions of the document as well. Ms. McNeer's Declaration states that the document "reflect[s] USCIS investigatory techniques and findings" which "reveal procedures used by USCIS to investigate and adjudicate fraudulent immigration benefit applications and would impair the effectiveness of USCIS processes to determine eligibility for the immigration benefit sought." (McNeer Decl., ¶ 18, ECF No. 77-1.) She further states that "[d]isclosure of the withheld document[] would undermine the integrity of the U.S. immigration system

and could facilitate immigration fraud" and that "[d]isclosure could further provide immigration benefit applicants with information to evade USCIS processes and procedures used to investigate benefit eligibility, or to conceal information relevant to eligibility for those benefits, thereby limiting the Department of Homeland Security's ability to enforce immigration laws." (Id.)  A portion of the document refers to certain system checks USCIS utilizes and reveals specific procedures used.  The Court finds this information as collected in this document and used in this document could provide information on how to circumvent the law.  The Court allows the USCIS Defendants to redact this information.

The Pitman Plaintiffs also ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld documents.  (Mot. 4, ECF No. 70.)  While the Court understands the difficulty in identifying the significance of information one does not have, the Pitman Plaintiffs failed to give the Court any reason why if the deliberative process privilege and/or law enforcement privilege applies it should be overcome in this case.  The USCIS Defendants, on the other hand, argue that disclosure of this predecisional, deliberative document will chill internal communications and result in less thorough decision making and impair law enforcement investigations.  (Opp'n 7 & 8, ECF No. 77.)  The Court finds no basis to overcome the deliberative process privilege or the law enforcement privilege as to the document.

In addition, the USCIS Defendants assert the document contains Third Party Personal Identifying Information.  (Priv. Log, ECF No. 70 at 13 (Doc. #1).)  The document contains personal identifiable information, and as such, the USCIS

Defendants should designate the document "Confidential" under the Standard Protective Order entered in this case.  See DUCivR 26-2(a).  This designation and consequent restrictions meet the need for privacy, particularly given the personal identifiable information in this document belongs to the Pitman Plaintiffs.  Further, while the Court orders the USCIS Defendants to produce certain portions of this document, it notes that it appears to contain internal record numbers on the first page.  The USCIS Defendants may redact that information from the document.

Accordingly, the Court GRANTS IN PART the Pitman Plaintiffs' request to compel the production of this document.  The Court ORDERS the USCIS Defendants to produce the factual portions of the document as outlined above, but allows the USCIS Defendants to redact the deliberative and law enforcement portions of it as described above.  The USCIS Defendants may also redact any internal record numbers from the document and should also designate the document as "Confidential."

### 2. Document No. 2:  TECS Resolution Memorandum for Absconders (DEF-000004)

The USCIS Defendants assert that both the deliberative process and law enforcement privileges protect the April 7, 2014 document entitled "TECS Resolution Memorandum for Absconders."  (Privilege Log, ECF No. 70 at 13 (Doc. #2).)  As to this document, Ms. McNeer states the following in her Declaration:

> This document is a predecisional memorandum prepared by a supervisor at the Nebraska Service Center prepared upon referral of the petition to the USCIS field office.  The memorandum contains factual information and recommendations relating to the adjudication of the I-130 petition in this case.  The memorandum also contains information relating to law enforcement history and investigation relating to Plaintiff Damaschin.  As this memorandum reflects factual consideration and recommendations by a USCIS officer prior to an adjudicative decision on the case, the document is deliberative.

(McNeer Decl., ¶ 11(b), ECF No. 77-1.)  Ms. McNeer also states that the document was "compiled prior to rendering a decision on the I-130" and "used by . . . USCIS personnel to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency."  (Id., ¶ 12.)

The Court finds the deliberative process privilege protects this document from disclosure.  Ms. McNeer's Declaration establishes that the document qualifies as both predecisional and deliberative, and the Court's in camera review confirms this assertion. The document contains information and recommendations concerning the Pitman Plaintiffs' second I-130 Petition, made by a supervisor at the Nebraska Service Center, and prepared prior to the USCIS's final decision on the Petition in April 2015.  Further, the Court finds that the document is largely evaluative and that the factual portions of the document are inextricably intertwined with the officer's evaluations and conclusions.

The law enforcement privilege also protects this document because it reveals various government systems checked in connection with the I-130 Petition and the results of those checks.  Ms. McNeer's Declaration states that the document "contain[s] summaries of continuing law enforcement investigations and techniques" which "reveal procedures used by USCIS to investigate and adjudicate fraudulent immigration benefit applications and would impair the effectiveness of USCIS processes to determine eligibility for the immigration benefit sought."  (McNeer Decl., ¶ 18, ECF No. 77-1.)  She further states that "[d]isclosure of the withheld document[] would undermine the integrity of the U.S. immigration system and could facilitate immigration fraud" and that "[d]isclosure could further provide immigration benefit applicants with information to evade USCIS processes and procedures used to investigate benefit eligibility, or to

conceal information relevant to eligibility for those benefits, thereby limiting the Department of Homeland Security's ability to enforce immigration laws." (Id.)  In addition, she claims that the document "contain[s] law enforcement identification information originating from external intelligence and law enforcement sources" and that "[d]isclosure could harm the collaborative relationship between USCIS and the law enforcement partners, which could degrade USCIS's ability to collect information it needs to prevent fraud from infiltrating the immigration system." (Id., ¶ 19.)  Finally, she asserts that disclosure of this document "could reveal USCIS's internal procedures and systems checks for vetting fraud cases, and would provide immigration benefit applicants with an incentive to falsify or misrepresent information to USCIS," which "would obstruct enforcement, implementation, and application of the law that was enacted to bar certain applicants from eligibility for benefits, and bar the admission of certain aliens into the United States . . . ." (Id., ¶ 20.)

In different but similar contexts, courts have found such information protected from disclosure because it reveals techniques used to determine eligibility for immigration benefits that applicants could use to circumvent the law.  See, e.g., Mezerhane de Schnapp v. United States Citizenship & Immigration Servs., 67 F. Supp. 3d 95, 101 (D.D.C. 2014) (finding disclosure of certain documents "could create the chance of a risk of circumvention of the law" because they reveal "what sort of law enforcement information (from which databases) is consulted by USCIS during adjudication of a pending [] application—and, of course, by logical inference, what sort of information is not consulted." (internal quotations omitted)).  Because this document reveals detailed internal procedures and system checks that USCIS uses to vet fraud

cases, the Court finds the document protected from disclosure by the law enforcement privilege.

The Pitman Plaintiffs further ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld documents. (Mot. 4, ECF No. 70.) The Pitman Plaintiffs failed to give the Court any reason why if the deliberative process privilege and/or law enforcement privilege applies it should be overcome in this case. The USCIS Defendants argue that disclosure of this predecisional, deliberative document will chill internal communications and result in less thorough decision making and impair law enforcement investigations. (Opp'n 7 & 8, ECF No. 77.) The Court finds no basis to overcome the deliberative process privilege or the law enforcement privilege as to this document.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of this document.

**3. Document Nos. 3, 7, & 10: IBIS Resolution Memoranda (DEF-000005, DEF-000010, DEF-000013)**

The USCIS Defendants assert that the deliberative process and law enforcement privileges protect Interagency Border Inspection System ("IBIS") Hit Memoranda dated October 24, 2012, February 14, 2012, and February 15, 2011. (Privilege Log, ECF No. 70 at 14, 16, & 17 (Doc. #3, 7, & 10).) As to the first document, Ms. McNeer states the following in her Declaration:

> This document is a pre-decisional memorandum to file prepared by an Immigration Services Officer. The memorandum summarizes a history of the case as of the date of the memorandum, and documents a recommendation regarding any additional steps to be taken for further consideration and adjudication of the case. The memorandum also includes identification information pertaining to and compiled for law enforcement investigatory techniques. As the document reflects a record

of the officer's consideration and impressions of the case history and recommendations for further action, it is a deliberative document.

(McNeer Decl., ¶ 11(c), ECF No. 77-1.)  She states the following with respect to the

second IBIS memorandum:

> This document is a pre-decisional memorandum to file prepared by an Immigration Services Officer.  The memorandum documents the officer's impressions regarding the case and a recommendation regarding evaluation of the evidence in the case, for consideration by the interviewing officer and the ultimate decision maker.  The memorandum also includes identification information pertaining to and compiled for law enforcement investigatory techniques.  As the document reflects a record of the officer's consideration and impressions of the case history and recommendations for further action, it is a deliberative document.

(McNeer Decl., ¶ 11(g), ECF No. 77-1.)  And as to the third memorandum, Ms.

McNeer states:

> This document is a predecisional, interoffice memorandum prepared by an Immigration Services Officer prepared upon referral of the petition to the USCIS field office adjudicator.  The memorandum contains factual information and recommendations relating to the adjudication of the I-130 petition in this case.  The memorandum also contains information relating to law enforcement history and investigation relating to Plaintiff Damaschin.  As this memorandum reflects factual consideration and recommendations by a USCIS officer prior to an adjudicative decision on the case, the document is deliberative.

(McNeer Decl., ¶ 11(i), ECF No. 77-1.)  Ms. McNeer also states that USCIS personnel

compiled the documents "prior to rendering a decision on the I-130" and used them "to

ultimately come to a decision on how to adjudicate the I-130 petition after consultation

and deliberation within the agency." (Id., ¶ 12.)

The Court agrees with the USCIS Defendants that the deliberative process

privilege protects these documents from disclosure.  Ms. McNeer's Declaration

establishes the documents as both predecisional and deliberative, and the Court's in

camera review confirms this assertion.  The documents contain information and

13

recommendations from immigration officers regarding the Pitman Plaintiffs' first I-130 Petition prepared prior to a final denial of the Petition in November 2012.  Further, the Court finds the documents largely evaluative and the factual portions inextricably intertwined with the officers' evaluations and conclusions.

Additionally, as with the TECS Memorandum, the Court finds that the law enforcement privilege protects these documents because they reveal internal procedures and system checks that USCIS uses to vet fraud cases.  Ms. McNeer's declaration sets forth the same contentions regarding this document as with the TECS Memorandum.  (McNeer Decl., ¶¶ 18–20, ECF No. 77-1.)  In similar contexts, courts have found IBIS inquiry records properly withheld from disclosure given that the contents may reveal information that would allow applicants to circumvent immigration laws.  See, e.g., Bayala v. United States Dep't of Homeland Sec., 264 F. Supp. 3d 165, 179–80  (D.D.C. 2017) (finding the government properly withheld IBIS inquiry records because it "has sufficiently shown a reasonably expected risk that releasing the withheld records would lead to circumvention of the law").

As with the prior documents, the Pitman Plaintiffs ask the Court to find the USCIS Defendants failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld documents.  (Mot. 4, ECF No. 70.)  For the reasons stated previously, the Court finds no basis to overcome the deliberative process privilege or the law enforcement privilege as to these documents.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of these documents.

**4. Document No. 4: Memorandum to File (DEF-000006 to DEF-00007)**

The USCIS Defendants assert that the deliberative process privilege protects a March 9, 2012 Memorandum to File regarding the Pitman Plaintiffs' first I-130 Petition. (Privilege Log, ECF No. 70 at 15 (Doc. #4).) As to this document, Ms. McNeer states in her Declaration:

> This document is a pre-decisional memorandum to file prepared by the interviewing officer upon completion of the I-130 interview and prior to a decision on the case. The interviewing officer was not the ultimate adjudicator in this case. The memorandum contains a summary of the facts and testimony uncovered during the interview, as well as the officer's impressions of the case and recommendations for additional action in the case.

(McNeer Decl., ¶ 11(d), ECF No. 77-1.) Ms. McNeer also states that the document was "compiled prior to rendering a decision on the I-130" and "used by . . . USCIS personnel to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency." (Id., ¶ 12.)

The Court agrees with the USCIS Defendants that the deliberative process privilege protects this document from disclosure. Ms. McNeer's Declaration establishes that the document qualifies as both predecisional and deliberative, and the Court's <u>in camera</u> review confirms this assertion. The document contains the interviewing officer's summary of facts and testimony given during the I-130 interview conducted prior to a determination on the Pitman Plaintiffs' first I-130 Petition and that officer's impressions of the case. Ms. McNeer also represents that the interviewing officer did not serve as the ultimate adjudicator in this case. Further, the Court finds any factual portions of the document inextricably intertwined with the officer's evaluations and conclusions.

The Pitman Plaintiffs also ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld document. (Mot. 4, ECF No. 70.) The decisions made in this case came after sworn, transcribed testimony given in hearings and the decision makers do not reference this interview in their decisions. Under these circumstances the Court finds no basis to overcome the deliberative process privilege as to this document.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of this document.

## 5. Document No. 5:  Adjudicator Notes from 3/9/12 I-130 Interview (DEF-000008)

The USCIS Defendants assert that the deliberative process privilege protects the March 9, 2012 notes from the I-130 Petition interview. (Privilege Log, ECF No. 70 at 15 (Doc. #5).) As to this document, Ms. McNeer states in her Declaration:

> This document constitutes handwritten notes prepared by the interviewing officer during the 1-130 interview. The interviewing officer was not the final adjudicator on this case, and officer notes do not reflect a final adjudicative determination on the case. These notes reflect the officer's thoughts and impressions of the testimony during the interview for consideration by the decision maker.

(McNeer Decl., ¶ 11(e), ECF No. 77-1.) Ms. McNeer also states that the document was "compiled prior to rendering a decision on the I-130," and "used by . . . USCIS personnel to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency." (Id., ¶ 12.)

The Court finds the deliberative process privilege protects this document from disclosure. Ms. McNeer's Declaration establishes that the document qualifies as both predecisional and deliberative, and the Court's in camera review confirms this

conclusion.  The document consists of the handwritten notes of the interviewing officer—who was not the ultimate decision maker— and reflects the officer's thoughts and impressions concerning the testimony elicited during the I-130 interview.  Further, the Court finds any factual portions of the document inextricably intertwined with the officer's evaluations and conclusions.

The Pitman Plaintiffs also ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld document.  (Mot. 4, ECF No. 70.)  The decision under review in this case came after sworn, transcribed testimony given in hearings and the decision makers do not reference this interview in their decisions.  Under these circumstances the Court finds no basis to overcome the deliberative process privilege as to this document.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of this document

### 6. Document Nos. 6 & 11:  Central Index System – EOIR Data Display (DEF-000009) & System Record Display (DEF-000014)

The USCIS Defendants assert that the deliberative process and law enforcement privileges protect two data display documents—one a March 8, 2012 Executive Office for Immigration Review ("EOIR") data display with handwritten notes and the other described as "System Record Display" dated February 15, 2011.  (Privilege Log, ECF No. 70 at 16, 18 (Doc. # 6 & 11).)  As to the first document with handwritten notes, Ms. McNeer states the following in her Declaration:

> This document is a data system display document containing handwritten notes by a USCIS employee.  The notes reflect the employee's thought process and perceptions concerning certain facts in the case and ideas informing the basis for the individual's recommendation in the case.  The document also contains sensitive law-enforcement and cybersecurity

17

information. As the document includes pre-decisional and deliberative notes, disclosure of the document would harm agency decision-making by limiting open discussion and consideration on each case.

(McNeer Decl., ¶ 11(f), ECF No. 77-1.) Ms. McNeer also states that the document was "compiled prior to rendering a decision on the I-130," and "used by . . . USCIS personnel to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency." (Id., ¶ 12.) Contrary to the privilege log, Ms. McNeer does not claim in her Declaration that the deliberative process privilege protects the other system display, Doc. #11.

The Court agrees with the USCIS Defendants that the deliberative process privilege protects the handwritten notes on the EOIR printout. Ms. McNeer's Declaration establishes that the notes qualify as both predecisional and deliberative, and the Court's in camera review confirms this assertion. The notes reflect a USCIS employee's thought processes and perceptions regarding the case, written prior to a decision on the Pitman Plaintiffs' first I-130 Petition, and do not constitute a final agency decision. Further, the Court finds the factual portions of the notes inextricably intertwined with the employee's evaluations and conclusions.

As with the prior documents, the Pitman Plaintiffs ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld documents. (Mot. 4, ECF No. 70.) For the reasons stated previously, the Court finds no basis to overcome the deliberative process privilege as to these notes.

Ms. McNeer's Declaration does not assert, let alone establish that the deliberative process privilege protects the other system display printout. Therefore, the

Court finds the privilege inapplicable to that document. The privilege also does not attach to the EOIR printout, Doc. #6, apart from the handwritten notes.

The Court also declines to find the printed information in either display protected by the law enforcement privilege. Ms. McNeer claims the documents "contain law enforcement identification information originating from external intelligence and law enforcement sources" and that "[d]isclosure could harm the collaborative relationship between USCIS and the law enforcement partners, which could degrade USCIS's ability to collect information it needs to prevent fraud from infiltrating the immigration system." (McNeer Decl., ¶ 19, ECF No. 77-1.) Further, she asserts that disclosure of the documents "could reveal USCIS's internal procedures and systems checks for vetting fraud cases, and would provide immigration benefit applicants with an incentive to falsify or misrepresent information to USCIS," which "would obstruct enforcement, implementation, and application of the law that was enacted to bar certain applicants from eligibility for benefits, and bar the admission of certain aliens into the United States . . . ." (Id., ¶ 20.)

The Court's in camera review of these documents does not support Ms. McNeer's statements. The information contained in these system displays does not reveal any internal procedures regarding USCIS's vetting of fraud cases that an applicant could potentially use to commit fraud; instead, the information contained in system displays remains quite generic and specific to Ms. Damaschin. Further, the USCIS Defendants have failed to show how the production of these documents could harm interagency relationships, and Ms. McNeer does not provide any specifics in that regard.

While the Court orders the USCIS Defendants to produce these system displays, it notes that they appear to contain internal record numbers. The USCIS Defendants may redact that information from the displays. In addition, the documents contain personally identifiable information, and as such, the USCIS Defendants should designate them as "Confidential" under the Standard Protective Order entered in this case. <u>See</u> DUCivR 26-2(a). This designation and consequent restrictions meet the need for privacy, particularly given the fact that the almost all of the personal identifiable information in these documents belong to the Pitman Plaintiffs.

Accordingly, the Court GRANTS IN PART the Pitman Plaintiffs' request to compel the production of these documents. The Court ORDERS the USCIS Defendants to produce copies of Document Nos. 6 and 11. The USCIS Defendants may redact the handwritten notes from Document No. 6 and any internal record numbers from the documents. They should also designate the documents as "Confidential."

### 7. Document No. 9:  Memorandum to File (DEF-000012)

The USCIS Defendants assert the deliberative process privilege protects a March 7, 2011 Memorandum to File regarding the I-130 application at issue in this case. (Privilege Log, ECF No. 70 at 17 (Doc. #9).)  As to this document, Ms. McNeer states in her Declaration:

> This document is a pre-decisional memorandum to file prepared by an Immigration Services Officer. The memorandum reflects the officer's consideration of the factual evidence and impressions regarding eligibility for the benefit. The memorandum also contains internal recommendations for further adjudication of the petition. As such, the document is deliberative.

(McNeer Decl., ¶ 11(h), ECF No. 77-1.)  Ms. McNeer also states that the document was "compiled prior to rendering a decision on the I-130," and "used by . . . USCIS personnel to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency."  (Id., ¶ 12.)

The Court agrees with the USCIS Defendants that the deliberative process privilege protects this document from disclosure.  Ms. McNeer's Declaration establishes that the document qualifies as both predecisional and deliberative, and the Court's in camera review confirms this conclusion.  The document contains an immigration officer's consideration of factual evidence, impressions, and recommendations regarding the Pitman Plaintiffs' first I-130 Petition, prior to a decision on the Petition, and as such, does not constitute a final agency decision.  Further, the Court finds any factual portions of the document inextricably intertwined with the officer's evaluations and conclusions.  As with the prior documents, the Pitman Plaintiffs ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld document.  (Mot. 4, ECF No. 70.)  For the reasons stated previously, the Court finds no basis to overcome the deliberative process privilege as to this document.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of this document.

### 8.  Document No. 12:  Transfer Note to Supervisor (DEF-000015)

The USCIS Defendants assert the deliberative process privilege protects a January 30, 2011 handwritten note relating to this case.  (Privilege Log, ECF No. 70 at 19 (Doc. #12).)  As to this document, Ms. McNeer states in her Declaration:

> This document is a handwritten note written by an Immigration Officer to a USCIS supervisor. The note reflects deliberative discussion regarding adjudication of the petition in this case.

(McNeer Decl., ¶ 11(j), ECF No. 77-1.) Ms. McNeer also states that USCIS personnel compiled the document "prior to rendering a decision on the I-130," and used it "to ultimately come to a decision on how to adjudicate the I-130 petition after consultation and deliberation within the agency." (Id., ¶ 12.)

The Court finds the deliberative process privilege protects this document from disclosure. Ms. McNeer's Declaration establishes that the document qualifies as both predecisional and deliberative, and the Court's in camera review confirms this assertion. The document consists of a handwritten note reflecting a discussion concerning the adjudication of the Pitman Plaintiffs' first I-130 Petition. As with the prior documents, the Pitman Plaintiffs ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld document. (Mot. 4, ECF No. 70.) For the reasons stated previously, the Court finds no basis to overcome the deliberative process privilege as to this note.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of this document.

### 9. Document Nos. 13 & 14: Email Correspondence (DEF-000016 to DEF-000017, DEF-000018)

The USCIS Defendants assert that the deliberative process privilege protects the September 2010 and January 2011 e-mail correspondence between USCIS officers and ICE attorneys relating to the adjudication of the Pitman Plaintiffs' first I-130 Petition. (Privilege Log, ECF No. 70 at 19 (Doc. #13, 14).) As to these documents, Ms. McNeer states in her Declaration:

Documents 13 and 14 reflect email communications between a USCIS FDNS Immigration Officer and ICE Assistant Chief Counsels discussing impressions of factual evidence and testimony uncovered in immigration court and consideration of how that might impact USCIS's adjudication of the I-130 petition. Each of these emails constitutes an interagency consultation relating to the legal implications of the immigration court testimony and the proposed grounds for adjudication of the Petitioner's petition. As such, the emails are predecisional and deliberative in that they were composed prior to the decision on the petition and reflect deliberation, recommendations, and discussion relating to eligibility on the petition.

(McNeer Decl., ¶ 14, ECF No. 77-1.)

The Court finds the deliberative process privilege protects these documents from disclosure. Ms. McNeer's Declaration establishes both documents as predecisional and deliberative, and the Court's <u>in camera</u> review confirms this assertion. The e-mails involve interagency communications regarding immigration court testimony and the adjudication of the first I-130 Petition, written before USCIS Defendants' decision on the Petition, and as such, do not constitute a final agency decision. As with the prior documents, the Pitman Plaintiffs ask the Court to find the USCIS Defendants have failed to put forth sufficient evidence to show why the Pitman Plaintiffs do not need the withheld documents. (Mot. 4, ECF No. 70.) For the reasons stated previously, the Court finds no basis to overcome the deliberative process privilege as to these e-mails.

Accordingly, the Court DENIES the Pitman Plaintiffs' request to compel the production of these documents.

### 10. Document Nos. 8 & 15:  CLEAR Printout (DEF-000011) and Accurint Printouts (DEF-000019-DEF-000047)

The USCIS Defendants assert that the law enforcement privilege protects a July 2011 "CLEAR Printout" and the May 2010 "Accurint Printouts." (Privilege Log, ECF No. 70 at 17, 19 (Doc. #8, 15).)

Ms. McNeer's Declaration states that the documents "contain[] summaries of continuing law enforcement investigations and techniques" which "reveal procedures used by USCIS to investigate and adjudicate fraudulent immigration benefit applications and would impair the effectiveness of USCIS processes to determine eligibility for the immigration benefit sought." (McNeer Decl., ¶ 18, ECF No. 77-1.) She further states that "[d]isclosure of the withheld documents would undermine the integrity of the U.S. immigration system and could facilitate immigration fraud," and that "[d]isclosure could further provide immigration benefit applicants with information to evade USCIS processes and procedures used to investigate benefit eligibility, or to conceal information relevant to eligibility for those benefits, thereby limiting the Department of Homeland Security's ability to enforce immigration laws." (Id.) Finally, she asserts that disclosure of these documents "could reveal USCIS's internal procedures and systems checks for vetting fraud cases, and would provide immigration benefit applicants with an incentive to falsify or misrepresent information to USCIS," which "would obstruct enforcement, implementation, and application of the law that was enacted to bar certain applicants from eligibility for benefits, and bar the admission of certain aliens into the United States . . . ." (Id., ¶ 20.)

The Court finds, by its in camera review, that these documents do not support Ms. McNeer's statements. The databases used to generate these printouts belong to third party, not governmental, entities. Thompson Reuters owns the CLEAR database,[1] and LexisNexis owns the Accurint database.[2] Moreover, other individuals and

---

[1] https://legal.thomsonreuters.com/en/products/clear-investigation-software (last visited Dec. 21, 2018)

[2] https://www.lexisnexis.com/accurint/ (last visited Dec. 21, 2018)

organizations can use these databases for certain purposes. As such, the Court does not see how the disclosure of these documents would facilitate immigration fraud or reveal any internal processes or system checks used to vet immigration fraud, other than in an extremely generic sense. See Mohammed, 2014 WL 1042309, at *4 (finding that the law enforcement privilege did not apply where "[t]he documents disclose law enforcement 'techniques' only in the most superficial and broad sense of the term . . ."). Moreover, given the source of the documents, their production will not harm any interagency relationships.

The USCIS Defendants also claim that these documents contain personally identifiable information, which protects them from disclosure. (Privilege Log, ECF No. 70 at 17, 19 (Doc. #8, 15).) While the Court agrees that the documents contain personally identifiable information, this information does not warrant blocking their production entirely. Instead, the USCIS Defendants should mark the documents "Confidential" pursuant to the Standard Protective Order in this Case.

Accordingly, the Court GRANTS the Pitman Plaintiffs' request to compel the production of these documents. The Court ORDERS the USCIS Defendants to produce copies of Document Nos. 8 and 15. The USCIS Defendants should designate the documents as "Confidential."

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Pitman Plaintiffs' Motion to Compel, as set forth above. The USCIS Defendants are ORDERED to produce to the Pitman Plaintiffs the documents required under this Order within fourteen (14) days.

DATED this 21 day of December, 2018.

BY THE COURT:

By: _____
Magistrate Judge Evelyn J. Furse
United States District Court